### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL J. GREENE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 1:15-15154** |
| v. ) | |
| ) | |
| **MARVIN C. PLUMLEY, Warden,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Respondent's "Motion to Dismiss Petition for Failure to Exhaust" (Document No. 15), filed March 29, 2016; and (2) Petitioner's "Motion to Dismiss Pending Petition" (Document No. 28), filed on April 27, 2016.[1] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 9.)

### FACTUAL BACKGROUND

On November 16, 2015, Petitioner, acting *pro se* and incarcerated at Mount Olive Correctional Complex ["MOCC"], filed his Application to Proceed *in Forma Pauperis* and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document Nos. 1 and 3.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

> **GROUND ONE:** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of charge and consequences of the plea.
> *Supporting Facts:* To my understanding of the plea agreement, the way my previous lawyer Mr. Ball explained it to me, is all I had to do was receive an equivalent trade-school certification and the case would be dismissed by me withdrawing my plea. Obviously, that was not case. I feel as though I was coerced into taking the guilty plea.
>
> **GROUND TWO:** Circuit Court erred in calculating credit for time served.
> *Supporting Facts:* My sentencing order was completely miscalculated when it comes to credit for time served.
>
> **GROUND THREE:** Denial of effective assistance of counsel.
> *Supporting Facts:* My previous attorneys refused to file motions and applications on my behalf, even when I specifically asked them to file certain ones that would possibly benefit my case. I feel as though the said lawyers did not represent me to the fullest of their ability and wanted to simply get me to take a plea and be done with this case.
>
> **GROUND FOUR:** Denial of right to appeal.
> *Supporting Facts:* I asked my previous attorneys to file an appeal on my behalf to withdraw my guilty plea when it was denied, [but] they would not appeal the Judge's decision like I asked. I feel like I was definitely denied the right to an appeal.

(Document No. 3, pp. 5 - 10.) By Order entered on November 18, 2015, Judge VanDervort denied Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1) and directed Petitioner to pay the $5.00 filing fee. (Document No. 5.) Petitioner paid the $5.00 filing fee on December 2, 2015. (Document No. 8.) By Order entered on March 1, 2016, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 10.)

On January 21, 2014, in response to the Court's Order, Respondent filed his Answer, "Motion to Dismiss for Failure to Exhaust," and Memorandum in Support thereof with Exhibits. (Document Nos. 14 - 16.) As Exhibits, Respondent attaches the following: (1) A copy of the Sentencing Order dated March 16, 2010 as filed in <u>State v. Greene</u>, Case No. 12-F-241 (Cir. Ct. Mercer Co.) (Document No. 15-1, pp. 2 - 3.); (2) A copy of the Circuit Court's Order scheduling a hearing on the Petition for Revocation of Probation dated June 24, 2013 (<u>Id.</u>, pp. 5 - 6.); (3) A copy of a "Motion for Correction of and Reconsideration of Sentence" dated September 17, 2013 (<u>Id.</u>, pp. 8 - 9.); (4) A copy of a letter from Petitioner addressed to Judge Sadler dated November 26, 2014 (<u>Id.</u>, pp. 11 - 12.); (5) A copy of an "Addendum to Motion to Reconsider Sentence and Correction of Record" (<u>Id.</u>, pp. 14 - 17.); (6) A copy of the Circuit Court's Order granting Petitioner's Motion for Reconsideration and denying his Motion to Withdraw Guilty Plea (<u>Id.</u>, pp. 19 - 20.); (7) A copy of a letter addressed to Judge Sadler from Petitioner dated April 29, 2015 (<u>Id.</u>, pp. 22 - 23.); (8) A copy of a letter addressed to Judge Sadler and trial counsel from Petitioner dated June 8, 2015 (<u>Id.</u>, p. 25.); (9) A copy of "Defendant's Motion for Correction of Sentence Pursuant to W. Va. R. Crim. P. 35(a)" as filed in Case No. 12-F-241 on June 10, 2015 (<u>Id.</u>, pp. 27 - 28.); (10) A copy of Petitioner's Notice of Appeal as filed with the West Virginia Supreme Court of Appeals on April 28, 2015 (<u>Id.</u>, pp. 30 - 37.); (11) A copy of the Circuit Court's Order dated March 25, 2015, granting Petitioner credit "for an additional 276 days on his sentence" and taking his Motion for Reconsideration under advisement (<u>Id.</u>, pp. 38 - 39.); (12) A copy of the Circuit Court's "Order of Substitution of Counsel" dated January 28, 2010 (<u>Id.</u>, pp. 42 - 43.); (13) A copy of Petitioner's Brief as filed with the West Virginia Supreme Court of Appeals on September 16, 2015 (<u>Id.</u>, pp. 45 - 61.); (14) A copy of the State's "Summary Response" filed on October 21, 2015

(Id., pp. 63 - 72.); (15) A copy of Petitioner's State *habeas* Petition as filed in the Circuit Court of Mercer County on October 21, 2015 (Id., pp. 74 - 81.); (16) A copy of the Docket Sheet for Greene v. Plumley, Case No. 15-C-357 (Id., p. 83.); (17) A copy of Petitioner's "Omnibus Discovery Motion" as filed in Greene v. Plumley, Case No. 15-C-357 (Id., pp. 85 - 86.); and (18) A copy of a letter addressed to the Mercer County Clerk from Petitioner dated November 30, 2015 (Id., p. 88.).

On March 29, 2016, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss for Failure to Exhaust." (Document No. 18.)

On April 27, 2016, Petitioner filed his "Motion to Dismiss Pending Petition." (Document No. 28.) In support, Petitioner states that his "Petition was filed untimely and that such filing was not intentional as the Petitioner was not aware of the proper procedures required in exhausting ALL State remedies." (Id.) Therefore, Petitioner requests that this Court grant his Motion and dismiss his Petition without prejudice. (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the

4

court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the above factors, the undersigned finds that Petitioner's Motion for voluntary dismissal should be granted. A review of the record reveals that Respondent has filed an Answer (Document No. 14) and a dispositive motion seeking dismissal (Document Nos. 15). As grounds for dismissal, Respondent asserts Petitioner's failure to exhaust State court remedies. (Document Nos. 15 and 16.) In Petitioner's Motion requesting voluntary dismissal, Petitioner acknowledges that he failed to exhaust his State court remedies prior to filing his Section 2254 Petition with this Court. The undersigned notes that Respondent has not filed a Response opposing Petitioner's Motion. At the present stage of the litigation, the undersigned finds that Respondent would not be unfairly prejudiced by the voluntary dismissal of Petitioner's Petition. As stated above, it is well established that prejudice to the respondent does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Petitioner's Motion

requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's "Motion to Dismiss Pending Petition" (Document No. 28), **DENY as moot** Respondent's "Motion to Dismiss Petition for Failure to Exhaust" (Document No. 15), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 3), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

ENTERED: May 13, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge